1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JULIE A. L.,

               Plaintiff,

    v.

COMMISSIONER OF SOCIAL
SECURITY,

               Defendant.

CASE NO. 3:18-CV-05419-DWC

ORDER AFFIRMING
DEFENDANT'S DECISION TO
DENY BENEFITS

Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of the Social

Security Commissioner's ("Commissioner") denial of Plaintiff's application for disability

insurance benefits ("DIB"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73

and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned

Magistrate Judge. *See* Dkt. 4.

After considering the record, the Court concludes the Administrative Law Judge ("ALJ")

did not harmfully err when she applied *res judicata* to the first ALJ's decision, did not fully

develop the record, rejected medical opinion evidence and Plaintiff's testimony, and based her

RFC analysis on evidence that was missing from the administrative record. Therefore, because

the ALJ's decision finding Plaintiff not disabled is supported by substantial evidence, the Commissioner's decision is affirmed pursuant to sentence four of 42 U.S.C. § 405(g).

<u>FACTUAL AND PROCEDURAL HISTORY</u>

Plaintiff has filed two applications for DIB. On August 10, 2011, Plaintiff filed her first application alleging disability as of January 1, 2008. *See* Dkt. 7, Administrative Record ("AR") 74. The application was denied upon initial administrative review and on reconsideration. *See* AR 74. A hearing was held before ALJ Cynthia D. Rosa on January 11, 2013. AR 74. In a decision dated March 1, 2013, ALJ Rosa determined Plaintiff to be not disabled. AR 74-92. Plaintiff requested judicial review, and the District Court affirmed ALJ Rosa's decision. AR 129-46. Plaintiff appealed the District Court's decision to the Ninth Circuit Court of Appeals. AR 147-51. The Ninth Circuit affirmed the District Court in an unpublished decision. *Loewen v. Berryhill*, No. 16-35174 (9th Cir. Dec. 21, 2017).

Plaintiff filed a second application for DIB on February 24, 2015, while her first case was pending on appeal. AR 254-62. This application alleged disability from March 2, 2013—the day after ALJ Rosa's decision—to March 31, 2014, Plaintiff's date last insured. AR 22, 254-62. The application was denied upon initial administrative review and on reconsideration. AR 152-54, 159-63. A hearing was held before ALJ Marilyn S. Mauer on October 6, 2016. AR 47-70. In a decision dated November 21, 2016, ALJ Mauer determined Plaintiff to be not disabled. AR 18-31. Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council, making ALJ Mauer's decision the final decision of the Commissioner. *See* AR 1-6; 20 C.F.R. § 404.981, § 416.1481. Plaintiff now seeks review from the Court of ALJ Mauer's decision.[1]

---

[1] When stating "the ALJ" or "the ALJ's decision" throughout this Order, the Court is referencing ALJ Mauer and her November 21, 2016 decision. When stating "the first ALJ" or "the first ALJ's decision" throughout this Order, the Court is referencing ALJ Rosa and her March 1, 2013 decision.

In Plaintiff's Opening Brief, Plaintiff argues the ALJ erred by: (1) failing to fully and fairly develop the record; (2) applying *res judicata* to the first ALJ's decision; (3) improperly evaluating the medical evidence; (4) improperly evaluating Plaintiff's testimony; and (5) basing the RFC analysis on evidence that is missing from the record. Dkt. 11, pp. 2-28.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## DISCUSSION

**I.      Whether the ALJ erred by applying *res judicata* to the first ALJ's decision.**

Plaintiff argues ALJ Mauer erred by applying *res judicata* to the first ALJ's decision, which was not yet final at the time of ALJ Mauer's decision. Dkt. 11, pp. 4-6.

A final decision by an ALJ that a claimant is not disabled gives rise to a presumption of continuing non-disability. *Chavez v. Bowen*, 844 F.2d 691, 693 (9th Cir. 1988); *see also* Social Security Acquiescence Ruling ("SSAR") 97-4(9) (S.S.A. Dec. 3, 1997) (explaining how the Social Security Administration will apply *Chavez* in the Ninth Circuit). To rebut this presumption, a claimant must prove a "changed circumstance affecting the issue of disability during the unadjudicated period, such as a change in the claimant's age category, an increase in the severity of the claimant's impairments, the existence of an impairment not previously considered, or a change in the criteria for determining disability." *Guillory v. Astrue*, No. C10-5520-RSM-JPD, 2011 WL 1771043, at *4 (W.D. Wash. Mar. 21, 2011), *report and recommendation adopted*, No. C10-5520-RSM, 2011 WL 1753803 (W.D. Wash. May 6, 2011);

*see also* SSAR 97-4(9). Even where a claimant has rebutted the presumption, *res judicata* requires that findings about a claimant's RFC, education, or work experience, or other finding required at a step in the sequential evaluation process must be adopted "unless there is new and material evidence related to those findings or a relevant change in law or methodology." *Harrington v. Berryhill*, No. C17-5846-MAT, 2018 WL 4103661 at *4 (W.D. Wash. Aug. 29, 2018); *see also* SSAR 97-4(9).

In the first ALJ's decision, ALJ Rosa found Plaintiff had the following severe impairments: bipolar disorder, depression, and obesity. AR 76. ALJ Rosa determined Plaintiff could perform light work, with "simple, routine, repetitive tasks in a predictable environment, in work that involves no direct contact with the public and no more than superficial contact with co-workers." AR 80. ALJ Rosa found Plaintiff could work as a cleaner/housekeeper, production assembler, or garment folder. AR 91. As a result, ALJ Rosa concluded Plaintiff was not disabled. AR 92.

In the second decision, ALJ Mauer stated the first ALJ's decision created a presumption of continuing non-disability. AR 21. The ALJ stated that, "[a]s there was no change in [Plaintiff's] impairments or functioning since the previous ALJ decision, [Plaintiff] did not overcome the presumption of continuing non-disability under *Chavez*." AR 31. Accordingly, the ALJ found Plaintiff to be not disabled. AR 31.

Plaintiff argues the ALJ's application of the presumption of continuing non-disability was erroneous because ALJ Rosa's decision was still pending on appeal and therefore not a final decision. Dkt. 11, pp. 4-6.

The SSA's Program Operations Manual System ("POMS") states that the decision of an ALJ or the Appeals Council becomes final on the date of notice of the decision "unless ... [i]t is

timely appealed (or a civil action is filed)." POMS DI 52755.010.B.4[2]; *see also* 20 C.F.R. §

416.1481, 20 C.F.R. § 404.981 ("The Appeals Council's decision, or the decision of the

administrative law judge if the request for review is denied, is binding unless you or another

party file an action in Federal district court, or the decision is revised."); *Kellner v. Colvin*, No.

SACV 14-1340-JPR, 2015 WL 6681176, at *7 (C.D. Cal. Nov. 2, 2015) ("Plaintiff appealed the

first ALJ's decision to this Court, and that appeal was still pending when the second ALJ issued

her decision. Under the Administration's interpretation in POMS, therefore, the decision was not

yet 'final' and the ALJ was not required to apply the presumption [of continuing non-

disability].").

   The first ALJ's decision was filed March 1, 2013. AR 74-92. Plaintiff timely requested

judicial review, and the Ninth Circuit issued its unpublished opinion on December 21, 2017.

*Loewen v. Berryhill*, No. 16-35174 (9th Cir. Dec. 21, 2017). The first ALJ's decision thus

became final on December 21, 2017, thirteen months after ALJ Mauer's November 21, 2016,

decision to deny benefits. Accordingly, the ALJ erred in applying *res judicata* and the

presumption of continuing non-disability before the first ALJ's decision was final.

   "[H]armless error principles apply in the Social Security context." *Molina v. Astrue*, 674

F.3d 1104, 1115 (9th Cir. 2012). An error is harmless, however, only if it is not prejudicial to the

claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v.*

*Comm'r of Soc. Sec.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see Molina*, 674 F.3d at 1115. The

---

[2] Although the POMS does not have "the force of law," the Ninth Circuit has recognized it as being "persuasive authority." *Warre v. Comm'r of Soc. Sec.*, 439 F.3d 1001, 1005 (9th Cir. 2006). In addition, according to the Ninth Circuit, the "POMS may be 'entitled to respect' under *Skidmore v. Swift & Co.*, 323 U.S. 134 (1994) to the extent it provides a persuasive interpretation of an ambiguous regulation, but it 'does not impose judicially enforceable duties on either this court or the ALJ.'" *Carillo-Yeras v. Astrue*, 671 F.3d 731, 735 (9th Cir. 2011) (citations omitted).

Ninth Circuit has stated "'a reviewing court cannot consider an error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination.'" *Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015) (quoting *Stout*, 454 F.3d at 1055-56). The determination as to whether an error is harmless requires a "case-specific application of judgment" by the reviewing court, based on an examination of the record made "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Molina*, 674 F.3d at 1118-19 (quoting *Shinseki v. Sanders*, 556 U.S. 396, 407 (2009)).

Here, the ALJ's error in applying *res judicata* and the presumption of continuing non-disability is harmless because the Ninth Circuit affirmed the first ALJ's decision. *See Pollard v. Comm'r of Soc. Sec.*, No. 2:17-CV-1788-KJN, 2018 WL 6706032, at *4 (E.D. Cal. Dec. 20, 2018) (stating ALJ did not err in applying presumption before the Ninth Circuit had affirmed first ALJ's decision where determination of non-disability was "based upon the same interpretation of the same evidence that the Ninth Circuit has upheld, and the administrative record does not include substantially different evidence or changed circumstances to undermine a finding of continuing nondisability"). ALJ Mauer's decision was based on the same evidence that was before the Ninth Circuit on the appeal of ALJ Rosa's decision. AR 18-31. Further, the administrative record before ALJ Mauer did not include any evidence that Plaintiff's condition had worsened after ALJ Rosa's decision. *See* AR 31. Thus, any error did not affect Plaintiff's substantial rights.

Additionally, even if the Court were to reverse and remand on the basis of the ALJ's error, the ALJ would now have to follow the Ninth Circuit's direction and apply the presumption of continuing non-disability. As a result, the ALJ's decision on remand would not differ from her

1 November 21, 2016 decision, meaning the ALJ's decision to apply the presumption before the

2 Ninth Circuit's affirmance was harmless error.

3 **II.     Whether the ALJ erred by failing to fully and fairly develop the record.**

4 Plaintiff argues the ALJ erred by failing to include reports from Kathryn Johansen,

5 ARNP, in the administrative record. Dkt. 11, pp. 3-4. Ms. Johansen's reports came from

6 Plaintiff's medical appointments from 2009 to 2011. Dkt. 11, Exhibits A, B.

7 The Court has determined it was not harmful error for the ALJ to apply the presumption

8 of continuing non-disability from the first ALJ's decision. *Supra* Section I. Here, the ALJ

9 concluded the presumption applied to the relevant time period—March 3, 2013 to March 31,

10 2014. AR 22-31. Ms. Johansen's reports from 2009 to 2011 are evidence of Plaintiff's condition

11 before the relevant period and therefore were not applicable to the ALJ's analysis of whether

12 Plaintiff's condition had worsened.[3]

13 Thus, the ALJ's failure to include Ms. Johansen's reports was not harmful error.

14 **III.     Whether the ALJ erred by improperly evaluating the medical evidence.**

15 Plaintiff argues the ALJ improperly evaluated medical opinion evidence from several

16 sources. Dkt. 11, pp. 6-14.

17 **A.  Acceptable medical sources**

18     1.  Dr. Barry S. Anton, Ph.D.

19 Plaintiff argues the ALJ erred in her consideration of a letter from Dr. Barry Anton,

20 Ph.D., Plaintiff's treating psychologist. Dkt. 11, pp. 7-9.

21

22

23 [3] The Court notes that, in some cases, "reports containing observations made after the period for disability are relevant to assess the claimant's disability." *Smith v. Bowen*, 849 F.2d 1222, 1225 (9th Cir. 1988). However, Ms. Johansen's reports are from a time period for which ALJ Rosa already determined Plaintiff was not disabled. AR 74. Thus, applying the presumption of continuing non-disability, Plaintiff may not use Ms. Johansen's reports as

24 evidence of disability after ALJ Rosa's decision.

In assessing acceptable medical sources, an ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995) (citing *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)); *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988)). When a treating or examining physician's opinion is contradicted, the opinion can be rejected "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester*, 81 F.3d at 830-31 (citing *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). The ALJ can accomplish this by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citing *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).

Dr. Anton summarized Plaintiff's treatment from June 18, 2012 to April 22, 2013. AR 361-62. He stated Plaintiff often has a flat affect, has poor memory and concentration, and has had to stop her volunteer work. AR 362. He also stated Plaintiff's sleep had improved, although it was still poor, and her restless leg syndrome was still an issue. AR 362. Dr. Anton stated Plaintiff was "conflicted about working, feeling that she is not capable of doing so at this time." AR 362.

The ALJ gave little weight to Dr. Anton's opinion, stating:

> [T]hese observations are not consistent with counseling notes . . . including that the claimant did not exhibit signs of depression or anxiety and reported that she was stable on her medications. Moreover, Dr. Anton's opinion does not establish or even suggest that the claimant's mental impairments or symptoms have changed. He also fails to offer any specific opinion regarding the claimant's vocational capacity or how the claimant's symptoms quantifiably affect her ability to perform work-related activities.

AR 28.

The Court found it was not harmful error for the ALJ to apply the presumption of continuing non-disability. *Supra* Section I. Thus, Plaintiff has the burden to rebut this presumption by showing a change in her condition that affects the issue of disability. *See Guillory*, 2011 WL 1771043, at *4 ("To rebut this presumption, a claimant must prove a 'changed circumstance affecting the issue of disability during the unadjudicated period, such as . . . an increase in the severity of the claimant's impairments . . . .'"). Here, Plaintiff has not shown how Dr. Anton's medical opinion evidence shows a changed circumstance since the first ALJ's decision.

Additionally, even if Dr. Anton's opinion could be construed as evidence that Plaintiff's condition had worsened, his opinion did not establish that Plaintiff's condition had worsened to the point where she had functional limitations that were not accounted for in the ALJ's decision. The ALJ noted Dr. Anton "fails to offer any specific opinion regarding the claimant's vocational capacity or how the claimant's symptoms quantifiably affect her ability to perform work-related activities." AR 28. Plaintiff has not shown and the Court cannot find any reference in Dr. Anton's medical records to rebut this conclusion. *See* AR 361-62. Accordingly, it was not harmful error for the ALJ to reject Dr. Anton's opinion because it did not establish any change in Plaintiff's condition and therefore does not present any evidence affecting the issue of disability.

   2.   Jennifer Knowles, M.D.

Plaintiff also argues the ALJ erred in rejecting the opinion of Jennifer Knowles, M.D., who opined that Plaintiff's symptoms had worsened during the relevant period. Dkt. 11, pp. 10-11.

Evidence of a worsened condition may allow a claimant to rebut the presumption of continuing non-disability. *See Guillory*, 2011 WL 1771043, at *4. However, even where a

claimant has rebutted the presumption, the ALJ must apply *res judicata* to the first ALJ's findings about a claimant's RFC, education, or work experience, or other finding required at a step in the sequential evaluation process "unless there is new and material evidence related to those findings or a relevant change in law or methodology." *Harrington*, 2018 WL 4103661 at *4; *see also* SSAR 97-4(9).

Dr. Knowles opined in July 2013 that Plaintiff "is unable to hold full-time employment due to bipolar disorder." AR 695. Dr. Knowles stated that "the worsening symptoms of [Plaintiff's] disorder, including severe depression, mood swings, and suicidal thoughts, make regular work very challenging." AR 695-96.

The ALJ gave little weight to Dr. Knowles' opinion for five reasons: (1) Dr. Knowles treated Plaintiff only once during the relevant period; (2) Dr. Knowles relied only on Plaintiff's self-reported symptoms; (3) the conclusion that a claimant cannot work is reserved solely for the Commissioner; (4) Dr. Knowles did not conduct a functional assessment or define any functional limitations regarding Plaintiff's ability to perform work-related activities; and (5) the opinion was inconsistent with Plaintiff's testimony. AR 26, 28.

Dr. Knowles' opinion that Plaintiff's condition had worsened was evidence of a changed circumstance, which may rebut the presumption of continuing non-disability. *See Guillory*, 2011 WL 1771043, at *4. However, after rebutting the presumption, Plaintiff would need to show how Dr. Knowles' medical opinion was "new and material evidence" related to the first ALJ's findings required at a step in the sequential evaluation process. *See Harrington*, 2018 WL 4103661 at *4; *see also* SSAR 97-4(9).

Plaintiff has not done so. Plaintiff argues Dr. Knowles' opinion is "vocationally relevant" and thus relevant to the ALJ's findings regarding Plaintiff's RFC. Dkt. 11, pp. 11, 18-19. An

RFC analysis is used to "identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis." Social Security Ruling ("SSR") 96-8p, 1996 WL 374184, *1. Thus, for evidence to be relevant to an RFC assessment, it must relate to the claimant's functional limitations.

Here, the ALJ found Dr. Knowles did not opine to any functional limitations. AR 28. Although Dr. Knowles described Plaintiff as depressed and dealing with mood swings and suicidal thoughts, Dr. Knowles did not state these symptoms translate into functional limitations. *See* AR 695-96. Dr. Knowles stated only that regular work would be "very challenging" for Plaintiff, but she did not opine that Plaintiff was limited in any basic work activities, such as the ability to concentrate or accept instruction. *See Morgan v. Comm'r of Soc. Sec.*, 169 F.3d 595, 601 (9th Cir. 1999) (ALJ permissibly rejected an opinion that contained only symptoms because it did not state how the symptoms translated into functional limitations). Thus, Dr. Knowles' medical opinion evidence was not relevant to the ALJ's RFC analysis.

In any event, the ALJ accounted for Plaintiff's symptoms of depression and bipolar disorder in the RFC. AR 24-26. Thus, Plaintiff has failed to show the ALJ did not account for any opined limitations in the RFC. Accordingly, even if Dr. Knowles' medical opinion evidence rebutted the presumption of continuing non-disability, Plaintiff has not presented new and material evidence that would preclude the application of *res judicata* to the first ALJ's RFC analysis. Thus, it was not harmful error for ALJ Mauer to reject Dr. Knowles' opinion evidence on the basis that Dr. Knowles did not opine to any functional limitations.

Further, while the ALJ provided other reasons to discount Dr. Knowles' opinion, the Court need not consider whether these reasons contained error, as any error would be harmless. *See Presley-Carrillo v. Berryhill*, 692 Fed. App'x 941, 944-45 (9th Cir. 2017) (citing *Carmickle*

*v. Comm'r of Soc. Sec.*, 533 F.3d 1155, 1162 (9th Cir. 2008)) (noting that although an ALJ erred with regard to one reason he gave to discount an opinion, "this error was harmless because the ALJ gave a reason supported by the record" to discount the opinion).

### 3. Diane Fligstein, Ph.D.

Plaintiff argues the ALJ erred in giving great weight to the opinion of Diane Fligstein, Ph.D., a state agency psychological consultant. Dkt. 11, pp. 14-15. Plaintiff argues Dr. Fligstein's opinion is "tainted" by the ALJ's reliance on the presumption of continuing non-disability. *Id.* The Court has determined the ALJ did not commit harmful error when applying the presumption of continuing non-disability. *Supra* Section I. Thus, any error the ALJ committed by applying the presumption when analyzing Dr. Fligstein's opinion was harmless. Other than Plaintiff's arguments about the presumption, Plaintiff does not argue the ALJ erred in assessing Dr. Fligstein's opinion. Thus, the Court finds the ALJ did not harmfully err in her analysis of this medical evidence.

### B. Non-acceptable medical source

Plaintiff also argues the ALJ erred in rejecting medical opinion evidence from Plaintiff's primary care provider, Heather Hokanson, ARNP. Dkt. 11, pp. 11-13.

Pursuant to the relevant federal regulations, medical opinions from "other medical sources," such as nurse practitioners, must be considered. *See* 20 C.F.R. § 404.1513 (d); *see also Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1223-24 (9th Cir. 2010) (citing 20 C.F.R. § 404.1513(a), (d)); SSR 06-3p, 2006 WL 2329939. "Other medical source" testimony "is competent evidence that an ALJ must take into account," unless the ALJ "expressly determines to disregard such testimony and gives reasons germane to each witness for doing so." *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001); *Turner*, 613 F.3d at 1224. "Further, the reasons

'germane to each witness' must be specific." *Bruce v. Astrue*, 557 F.3d 1113, 1115 (9th Cir. 2009); *see Stout*, 454 F.3d at 1054 (explaining "the ALJ, not the district court, is required to provide specific reasons for rejecting lay testimony").

In April 2016, Ms. Hokanson opined:

> [Plaintiff] has a long history of bipolar depressive disorder. However, following her divorce in 2013 she has had a major decline, and increase[d] psychiatric episodes. She is unable to work due to this decline and currently is not responding to any interventions.

AR 590.

Ms. Hokanson stated Plaintiff's symptoms and functional limitations—including short-term memory loss, flat affect, anxiety, and difficulty concentrating—existed as of March 2, 2013, and that they were first noted in 1998, with psychiatric changes starting in 2012. AR 590.

The ALJ rejected Ms. Hokanson's opinion, stating that it is "clearly inconsistent with the actual treatment record documenting routine care and management of the claimant's impairments." AR 28. The ALJ noted that Ms. Hokanson's treatment notes from April and September 2013 state Plaintiff had "no appearance of anxiety, depression, or agitation." AR 28; *see* AR 690, 704. The ALJ concluded Plaintiff's symptoms were present before March 2013 and did not worsen during the relevant time period. AR 28.

The record shows Plaintiff's symptoms waxed and waned during the relevant period. For example, Plaintiff discussed her bipolar affective disorder and depression with Ms. Hokanson in April 2013, but medical notes from the visit stated that Plaintiff showed "no appearance of anxiety, depression, or agitation." AR 711-12. Plaintiff reported depression, anxiety, and suicidal thoughts on June 5, 2013 during an appointment for a physical exam for breast health. AR 703. However, the medical notes from that visit reflect that Plaintiff showed "no appearance of

anxiety, depression, or agitation." AR 704. In July 2013, Plaintiff again reported symptoms of bipolar affective disorder and depression. AR 697.

An ALJ may not reject medical evidence "merely because symptoms wax and wane in the course of treatment." *Garrison v. Colvin*, 759 F.3d 995, 1017 (9th Cir. 2014). However, even taking into account waxing and waning for Plaintiff's reports of depression and bipolar affective disorder, the ALJ properly noted that none of the medical records from the relevant time period state that Plaintiff's condition had worsened since the first ALJ's decision. AR 28. Accordingly, Ms. Hokanson's medical opinion evidence did not establish that Plaintiff's condition had changed since the first ALJ's decision. The ALJ's decision was thus supported by substantial evidence and was not harmful error.

**IV. Whether the ALJ erred by improperly evaluating Plaintiff's testimony.**

Plaintiff argues the ALJ failed to properly evaluate Plaintiff's testimony regarding the severity of her symptoms. Dkt. 11, pp. 14-18.

To reject a claimant's subjective complaints, the ALJ must provide "specific, cogent reasons for the disbelief." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995) (citation omitted). The ALJ "must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Id.*; *see also Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). Unless affirmative evidence shows the claimant is malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester*, 81 F.3d at 834 (citation omitted). While SSA regulations have eliminated references to the term "credibility," the Ninth Circuit has held its previous rulings on claimant's subjective complaints—which use the term

1  "credibility"—are still applicable.[4] *See* SSR 16-3p, 2016 WL 1119029 (Mar. 16, 2016); 2016

2  WL 1237954 (Mar. 24, 2016); *see also Trevizo v. Berryhill*, 871 F.3d 664, 678 n.5 (9th Cir.

3  2017) (noting SSR 16-3p is consistent with existing Ninth Circuit precedent).

4      At the hearing for Plaintiff's second application for DIB, the ALJ questioned Plaintiff

5  about any change in her impairments:

6      **Q:** And what – which of those conditions changed after the Administrative Law
   Judge decision or did they change?
7      **A:** None of them. None of them changed.
       **Q:** They didn't change? They didn't get worse?
8      **A:** No, it stayed the same.
       **Q:** So if – if I asked you about your ability to do things, like, concentrate and persist
9      at a task you're telling me that in March of 2014 it was just the same as it was in
   March of 2013?
10     **A:** Hmm-hmm.
       **Q:** That's a yes?
11     **A:** Yes.
       **Q:** Okay, since that time has it changed?
12     **A:** No.
       **Q:** So your ability to learn new information, stay on a task, relate to other people,
13     follow instructions, all of that is the same now as it was when the other
   Administrative Law Judge decision was issued?
14     **A:** Yes.

15 AR 53-54.

16     In response to her attorney's questions, Plaintiff stated that her anxiety and bipolar

17 disorder had not changed since the first hearing. AR 60-61. She also stated that her mental health

18 and the pain from her divorce had improved "a little bit" since 2013. AR 64-65.

19     Plaintiff argues the ALJ erred by (1) focusing only on whether Plaintiff's condition had

20 worsened, (2) allowing an improper view of the objective medical evidence to "taint" her

21 assessment of Plaintiff's testimony, and (3) improperly assessing Plaintiff's daily activities. Dkt.

22

23 _____

24     [4] Because the applicable Ninth Circuit case law refers to the term "credibility," the Court will use the terms
   "credibility" and "subjective symptom testimony" interchangeably.

11, p. 14-18. As discussed above, the Court finds the ALJ's application of the presumption of continuing non-disability was not harmful error. *Supra* Section I. Plaintiff thus had the burden to show a changed condition since the first ALJ's decision. Given Plaintiff's testimony that her condition had not worsened since the first ALJ's decision, Plaintiff did not satisfy this burden and the ALJ did not err in her assessment of Plaintiff's testimony.

With regard to Plaintiff's argument the ALJ improperly viewed the objective medical evidence, the Court has found the ALJ did not harmfully err. *See supra* Section III. Accordingly, the ALJ did not err in considering whether Plaintiff's testimony contradicted the medical opinion evidence. Finally, Plaintiff's argument that the ALJ improperly assessed Plaintiff's daily activities also fails. The Plaintiff has the burden to show "new and material evidence" to rebut the presumption that the first ALJ's RFC analysis still applies. *See Harrington*, 2018 WL 4103661 at *4; *see also* SSAR 97-4(9). Here, the first ALJ found an RFC that included the ability to perform light work with "simple, routine, repetitive tasks in a predictable environment, in work that involves no direct contact with the public and no more than superficial contact with co-workers." AR 80. Plaintiff did not present any evidence that her condition had worsened and she could no longer perform such work. Thus, the ALJ did not err in applying *res judicata* to the first ALJ's RFC analysis. *See Harrington*, 2018 WL 4103661 at *4 (stating that *res judicata* requires that findings about a claimant's RFC must be adopted "unless there is new and material evidence related to those findings or a relevant change in law or methodology"). Thus, the ALJ did not err in her consideration of Plaintiff's testimony.

**V.      Whether the ALJ erred by basing the RFC analysis on evidence that is missing from the record.**

Plaintiff argues the ALJ erred by adopting the first ALJ's vocational analysis, which is based on testimony that is missing from the record. Dkt. 11, pp. 18-20.

In the hearing on the first application, ALJ Rosa questioned a vocational expert ("VE") at the January 11, 2013 hearing. *See* AR 91. ALJ Rosa concluded Plaintiff could work as a cleaner/housekeeper, production assembler, and garment folder. AR 91.

ALJ Mauer adopted the vocational findings as part of applying the presumption of continuing non-disability. AR 30. However, ALJ Mauer did not include the hearing transcript, which contained ALJ Rosa's questions for the VE, in the administrative record.

Plaintiff has not shown that the ALJ's failure to include the transcript was harmful error. The ALJ's decision was based on the presumption of continuing non-disability. *See* AR 31. If Plaintiff rebuts that presumption, the ALJ must look to new and material evidence regarding a finding required at a step in the sequential evaluation process, such as functional limitations or whether Plaintiff is able to perform certain jobs. *Harrington*, 2018 WL 4103661 at *4; *see also* SSAR 97-4(9). However, Plaintiff has not presented any evidence of a changed condition during the relevant period, and in particular, has not presented evidence to show her functional limitations changed such that she was prevented from performing the jobs the VE testified to in the first hearing. As a result, the ALJ did not need to conduct a new analysis of the VE's testimony. Thus, any error the ALJ committed in not including the transcript from the first hearing was harmless. *See Cabe v. Barnhart*, 168 F. App'x 180, 181 (9th Cir. 2006) (stating that where claimant had not rebutted presumption of continuing non-disability, "[a]ny statements in the ALJ's opinion regarding the vocational expert's testimony were unnecessary to his decision to deny benefits, and any resulting error was therefore harmless").

## CONCLUSION

Based on the foregoing reasons, the Court hereby finds the ALJ properly concluded Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is affirmed and

this case is dismissed with prejudice. The Clerk is directed to enter judgment for Defendant and close the case.

Dated this 24th day of January, 2019.

David W. Christel
United States Magistrate Judge